KELLY, Circuit Judge,
concurring in part and dissenting in part.
In my view, all of the agents should receive qualified immunity. Thus, I concur insofar as Agents Daniels and McLaughlin receive it, and dissent as to the denial of qualified immunity to Agents Reichle and Doyle.
The Fourth Amendment issue in this case is plainly controlled by Devenpeck v. Alford, 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004), holding that as long as an officer is aware of facts suggesting probable cause, the offense that furnishes the basis for probable cause need not be related to what is charged. In the qualified immunity context, all that is required is arguable probable cause, and in this case agents had arguable probable cause to believe that Mr. Howards made a false statement. See Cortez v. McCauley, 478 F.3d 1108, 1121 (10th Cir.2007) (en banc) (arguable probable cause).
There is a strong argument that Hartman v. Moore, 547 U.S. 250, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006), applies not only to retaliatory prosecutions, but also to retaliatory arrests. The prosecutor will generally receive absolute immunity for decisions to prosecute, while the agents and investigators will claim qualified immunity for steps leading to prosecution (investigation and arrest) and prosecution. Probable cause evidence will be readily available and relevant in most retaliatory arrest cases; the fact that causation may not be as complex should not preclude consideration of this as an element. Several cases hold or imply that Hartman applies to arrest as well as prosecution. See McCabe v. Parker, 608 F.3d 1068, 1079 (8th Cir.2010); Beck v. City of Upland, 527 F.3d 853, 863-64 (9th Cir.2008) (suggesting that Hartman applies to a retaliatory arrest or prosecution claim); Leonard v. Robinson, 477 F.3d 347, 355-56 (6th Cir. 2007); Barnes v. Wright, 449 F.3d 709, 720 (6th Cir.2006). The court adopts a minority view based upon the rationale of Skoog v. County of Clackamas, 469 F.3d 1221, 1233-35 (9th Cir.2006).
Given a qualified immunity defense, Plaintiff had the burden to prove not only a constitutional violation but also clearly established law. Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 815-816, 172 L.Ed.2d 565 (2009). In DeLoach v. Bevers, 922 F.2d 618, 620 (10th Cir.1990), this court held that a claim for retaliatory arrest and prosecution (leading to a suspect being bound over for trial), was actionable, even if another reason would have supported the action.
On June 16, 2006, when the arrest in this case occurred, the law simply was not clearly established (nor is it now) that Hartman only applied to retaliatory prosecutions and not retaliatory arrests. The Tenth Circuit has been willing to apply Hartman in other contexts, albeit where there are multiple decisionmakers. McBeth v. Himes, 598 F.3d 708, 718-20 (10th Cir.2010). Given that the officers are deemed to have probable cause, no objectively reasonable officer on June 16, 2006 would be on notice that probable cause was insufficient to overcome claims *1152 of First Amendment retaliation. There are two reasons for this. First, DeLoach is a retaliatory arrest and prosecution (not solely a retaliatory arrest) case — the significance of this may not have been apparent earlier, but it certainly is after Hartman. Second, in Hartman the Supreme Court rejected the Tenth Circuit’s approach to retaliatory prosecution cases, 547 U.S. at 256, 126 S.Ct. 1695, and the court today acknowledges that “our sister circuits continue to be split over whether Hartman applies to retaliatory arrests.” Ct. Op. at 1147.
If anything, the weight of DeLoach when applied solely to a retaliatory arrest case was far from clear after Hartman. The court reminds us that a conflict among the circuits is merely relevant to whether a right is clearly established, not controlling, and also relies upon the Supreme Court’s statement that “the fact that a single judge, or even a group of judges, disagrees about the contours of a right does not automatically render the law unclear if we have been clear.” Safford Unified Sch. Dist. No. 1 v. Redding, - U.S.-, 129 S.Ct. 2633, 2644, 174 L.Ed.2d 354 (2009) (emphasis added). Of course, the “we” pertains to the Supreme Court. This court’s conclusion after Hartman — that Hartman did nothing to disturb this circuit’s law on retaliatory arrests — is by no means a preordained conclusion as evidenced by this court’s acknowledgment that courts are split about whether it applies to retaliatory arrests, and the analysis rejecting Hartman in this context. The law the court announces was hardly apparent and would not put officials on fair notice that such conduct was unlawful. See Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). This is particularly true given how solicitous the court has been when it comes to protecting the Vice President. See Saucier v. Katz, 533 U.S. 194, 208-09, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).